LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Kinga L. Wright (SBN 313827)
kinga.wright@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
PHH Mortgage Corporation; and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates, Series 2007-1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY SCHEUERMAN; and KATHLEEN SCHEUERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> PHH MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-1; WESTERN PROGRESSIVE, LLC; and DOES-10, inclusive, <br><br> Defendants. | CASE NO.: **'19CV2396 JM   WVG** <br><br> **NOTICE OF REMOVAL** <br><br> **[Diversity, 28 USC § 1332]** <br><br> Complaint Filed: November 13, 2019 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants PHH Mortgage Corporation ("PHH") and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1 (collectively "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the County of San Diego to the United States District Court for the Southern District of California. Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441. As grounds for removal, Defendants state as follows:

## STATEMENT OF THE CASE

1. On November 13, 2019, an action was commenced by Plaintiffs Geoffrey Scheuerman and Kathleen Scheuerman ("Plaintiffs") in the Superior Court of the County of San Diego styled *Geoffrey Scheuerman*, *et al. v. PHH Mortgage Corporation, et al.*, Case No. 37-2019-00060156-CU-OR-CTL (the "State Court Action").

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiffs filed the State Court Action on November 13, 2019. This Notice of Removal is filed within 30 days of Plaintiffs commencing the State Court Action and thus within 30 days of service. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. The Complaint asserts the following eight causes of action against Defendants: (1) violation of Civil Code § 2923.6; (2) violation of Civil Code § 2923.7; (3) violation of Civil Code § 2924.9; (4) violation of Civil Code § 2924.10; (5) violation of Civil Code § 2924.11; (6) negligence; (7) wrongful foreclosure; and (8) unfair business practices, violation of Business & Professions Code § 17200, *et seq.*

4. A true and correct copy of the complaint, with redactions of personally identifying information, obtained by Defendants is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders obtained by Defendants is attached hereto as Exhibit B.

## DIVERSITY JURISDICTION

5. 28 U.S.C. §1332 vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and is between citizens of different states.

6. Since the filing of the Complaint, Plaintiffs have been, and continue to be, citizens of California. Compl. ¶ 1. Plaintiffs allege that they are residents of California. Id.; *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[P]lace of residence is prima facie the domicile."). Thus, a preponderance of the evidence demonstrates that Plaintiffs are domiciled in California and, as a result, are citizens, for diversity jurisdiction purposes, of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. Defendant PHH is a corporation. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 – 89 (2005). PHH is a New Jersey corporation with its principal place of business in New Jersey. Thus, PHH is a citizen of New Jersey for diversity purposes.

8. Defendant U.S. Bank is a national banking association. The citizenship of a national banking association is determined solely by the location of its main office as designated in its articles of association. 28 U.S.C. 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."). U.S. Bank's main office is located in Ohio.

Accordingly, U.S. Bank is not a citizen of California for purposes of diversity jurisdiction.

9. Defendant Western Progressive Trustee, LLC dba Western Progressive, LLC ("Western Progressive") is a nominal defendant named only because it is the trustee of the relevant deed of trust. "A defendant is a nominal party where his role is limited to that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986). A nominal defendant is "a [party] who 'holds the subject matter of the litigation in subordinate or possessory capacity and to which there is no dispute.'" *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (*quoting S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). The Court should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial task of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). A typical nominal defendant is a trustee, agent or depositary who is joined merely as a means of facilitating collection. *Colello*, 139 F.3d at 676 (*quoting Cherif*, 933 F.2d at 414).

10. Acting as the foreclosure trustee, Western Progressive has no financial interest in the property and its involvement in the non-judicial foreclosure is strictly within its ministerial role as the substituted trustee under the deed of trust. The Complaint pleads no allegations that tie Western Progressive to the alleged wrongdoing, outside of Western Progressive's recordation of foreclosure notices as the trustee of record. Accordingly, Western Progressive is a nominal party and should not be considered for purposes of diversity.

11. Notwithstanding its nominal status, Western Progressive's citizenship is otherwise diverse. It is a Delaware limited liability company and its sole member is a citizen of the Grand Duchy of Luxembourg. Consequently, Western Progressive is a citizen of Luxembourg for purposes of diversity jurisdiction. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006); *see also Abano v.*

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

*Ocwen Loan Servicing, LLC*, Case No. 2:15-cv-06268-SVW-AFM, 2015 WL 5971547, at *2 (C.D. Cal. Oct. 13, 2015).

12. The remaining Defendants are named as "Doe" defendants, and as such, are disregarded in determining the existence of diversity. 28 U.S.C. 1441(a).

13. There is more than $75,000 in controversy in this action. Plaintiffs aver an amount in controversy of approximately $75,000.00 in damages for violations of California statutes. Compl. ¶ 10. They also seek civil and statutory penalties, statutory damages, restitution and disgorgement of profits, punitive damages, injunctive relief, and attorneys' fees. Compl., Prayer for Relief. These amounts all count toward the jurisdictional amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (reviewing prayer for relief in ascertaining whether complaint's allegations demonstrate the requisite amount in controversy).

14. Accordingly, this Court has jurisdiction over this action because all of the requirements of 28 U.S.C. § 1332(d) are satisfied.

## OTHER PROCEDURAL REQUIREMENTS

15. The only other defendant in this action, Western Progressive, has consented to this removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

16. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Southern District of California is the federal judicial district embracing the Superior Court of California for the County of San Diego, where the State Court Action was originally filed.

17. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiffs and filed with the Clerk of the Superior Court of the County of San Diego. *See* 28 U.S.C. 1446(a), (d).

18. This Notice of Removal is signed by Defendants' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. 1446(a).

# CONCLUSION

Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

WHEREFORE, Defendants pray that the State Court Action proceed in the United States District Court for the Southern District of California, as a properly removed action.

Dated:  December 13, 2019

Respectfully submitted,
LOCKE LORD LLP


By: */s/ Kinga L. Wright*
    Regina J. McClendon
    Kinga L. Wright
Attorneys for Defendants PHH Mortgage Corporation; and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates, Series 2007-1