**CDLG, PC**
Tony Cara, Esq., (CA SBN: 170720)
2973 Harbor Blvd., Ste. 594
Costa Mesa, CA 92626-3912
Telephone: (888) 615-6765
Facsimile: (888) 660-8874

Attorney for Plaintiffs,
GEOFFREY SCHEUERMAN AND KATHLEEN SCHEUERMAN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY SCHEUERMAN AND KATHLEEN SCHEUERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-1; WESTERN PROGRESSIVE, LLC; and DOES-10, inclusive, <br><br> Defendants. | **CASE NO.** 3:19-cv-02396-JM-WVG <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Date: January 27, 2020 <br> Time: 10:00 a.m. <br> Courtroom: 5D <br><br> **NO ORAL ARGUMENT REQUESTED** <br><br> *Action Filed: November 13, 2019* |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND**

**THEIR COUNSELS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiffs, GEOFFREY SCHEUERMAN AND KATHLEEN SCHEUERMAN (hereinafter, "Plaintiffs") hereby submit this Opposition to Defendants PHH MORTGAGE CORPORATION ("PHH") and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007- ("U.S. BANK") (collectively, "DEFENDANTS")  Motion to Dismiss, which is currently set to be heard on or about January 27, 2020 in the above entitled court.

Plaintiffs' Opposition is based on these opposing papers, the attached Memorandum of Points and Authorities, and on the complete documents and records of this action on file with this Court and on such other oral and/or documentary evidence as may be presented at the hearing on this Motion.

DATED:  January 13, 2020                    **CDLG, PC**


                                        BY:    */s/ Tony Cara*
                                                Tony Cara, Esq.
                                                Attorney for Plaintiffs,
                                                GEOFFREY SCHEUERMAN
                                                AND KATHLEEN SCHEUERMAN

# **TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................... 1

II.  LEGAL STANDARD ................................................................................ 2

III. STATEMENT OF FACTS ......................................................................... 4

IV.  TENDER IS NOT REQUIRED IN THIS MATTER ................................ 5

V.   PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO CONSTITUTE
VIOLATIONS OF HOMEOWNER BILL OF RIGHTS ................................. 6

   A.   Cal. Civ. Code § 2923.6 stand as a viable cause of action. .................... 6

   B.   CA Civil Code § 2923.7 applies to PHH. ............................................. 10

   C.   Cal. Civ. Code § 2924.9 stands as a viable cause of action ................. 11

   D.   CA Civil Code § 2924.10 applies to PHH. ........................................... 13

VI.  PLAINTIFFS' CAUSE OF ACTION FOR NEGLIGENCE IS SUFFICIENTLY
PLED .......................................................................................................... 14

VII. PLAINTIFFS' WRONGFUL FORECLOSURE CAUSE OF ACTION IS
PROPERLY PLEAD ........................................................................................ 20

VIII. PLAINTIFFS HAVE ADEQUATELY PLED A CAUSE OF ACTION FOR
UNFAIR BUSINESS PRACTICES ............................................................... 21

   A.   Plaintiffs Have Pled Their Claims with Reasonable Particularity ....... 22

   B.   Plaintiffs Have Adequately Plead Standing ......................................... 22

   C.   Plaintiffs Need Only Allege Unlawful, Unfair or Fraudulent Conduct ............... 23

IX.  IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS,
LEAVE TO AMEND SHOULD BE GRANTED ........................................ 24

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. BAC Home Loans Servicing,* 228 Cal. App. 4th 941 (2014) ......................... 14

*Auster Oil & Gas, Inc. v. Stream,*.................................................................................... 4

*Barrionuevo v. Chase Bank, N.A.,* 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012) .............. 6

Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 252 (2011) .................. 21, 23

*Bowman v. Wells Fargo Home Mortg.,* 2014 WL 1921829, at *5 (N.D. Cal. May 13, 2014)...................................................................................................................... 7, 8

*Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963) ........................................................................................................................ 25

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999)................................................................................................................. 24

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 212-213 (1983) ................................................................................................................ 23

*Crilley v. Bank of America, N.A.* (D. Hawaii, Apr. 26, 2012, No. 12-00081 LEK-BMK) 2012 U.S. Dist. Lexis 58469, p. *29 ........................................................................ 19

*Dimock v. Emerald Properties, LLC* (2000) 81 Cal. App. 4th 868, 97 Cal. Rptr. 2d 255, 5

*Duran v. Bank of Am., N.A.*, 2015 WL 794672, at *10 (C.D. Cal. Feb. 24, 2015) ......... 16

*Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098 (N.D. Cal. 2010).............. 16

*Garcia v. Wells Fargo Bank, N.A.,* 2014 WL 458208, at *4 (N.D. Cal. Jan. 31, 2014).. 11

*Gilligan v. Jamco Dev.*................................................................................................... 4

*Hild v. Bank of Am., N.A.,* 2015 WL 401316, at *7 (C.D. Cal. Jan. 29, 2015) .............. 10

*Hixson v. Wells Fargo Bank*, 2014 WL 3870004, at *5, n.4 (N.D. Cal. Aug. 6, 2014) .. 10

*Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ............................................... 4

*Karlsen v. American Savings & Loan Assn.* (1971) 15 Cal.App.3d 117 ......................... 5

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011)..................................... 22

*Mayes v. Leipziger,* 729 F.2d 605, 607-609 (9th Cir. 1984) ...................................... 25

*McFarland v. JP Morgan Chase Bank*, 2014 WL 4119399, at *11 (C.D. Cal. Aug. 21, 2014) .................................................................................................................... 10

*McLaughlin v. Aurora Loan Servs.,* 2014 WL 1705832, at *6 (C.D. Cal. Apr. 28, 2014) ............................................................................................................. 9, 12

Motors, Inc. v. Times Mirror Co., 102 Cal.App.3d 735, 740 (1980) ........................... 24

*Onofrio v. Rice* (1997) 55 C.A. 4th 413, 424 ............................................................... 5

*Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998 ................................................ 3

*People v. E.W.A.P., Inc.,* 106 Cal.App.3d 315, 319 (1980) ....................................... 23

*People v. Sup. Ct.* (Jayhill Corp.), 9 Cal.3d 283,287-288, (1973)............................... 23

*Pura v. Citimortgage, Inc.,* 2015 WL 81980, at *1 (C.D. Cal. Jan. 2, 2015) .............. 10

*Sacchi v. Mortgage Electronic Registration Systems, Inc.,* 2011 WL 2533029, at *9 (C.D. Cal., June 24, 2011) ...................................................................................... 22

*Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 92 Cal. Rptr. 851 ................................. 5

*Trant v. Wells Fargo Bank, N.A.*, 2012 WL 2871642, at 19 (S.D. Cal. 2012)............... 16

Walker v. Countrywide Home Loans, 98 Cal.App.4th 1158, 1170 (2002) ................... 24

*Watkinson v. Mortgage It, Inc.* (S.D. Cal. June 1, 2010) 2010 U.S. Dist. Lexis 53540, pp. *23-24 ................................................................................................................ 15

**Other Authorities**

. Stein, Cal. Practice Guide: Bus. & Prof. C. § 17200 Practice (The Rutter Group 2012) Par. 3:56 ................................................................................................................ 23

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On November 13, 2019, Plaintiffs GEOFFREY SCHEUERMAN AND KATHLEEN SCHEUERMAN ("Plaintiffs") initiated this action in the Superior Court of California in and for the County of San Diego. Plaintiffs filed a Complaint ("Cplt.") alleging causes of action including Multiple Violations of California Homeowner's Bill of Rights ("HBOR"), Wrongful Foreclosure, Negligence and Violation of CA B&P Code §17200. The action is based on Plaintiffs' home being wrongfully foreclosed upon at a time when they were supposed to be under review. Plaintiffs were led on with affirmations that their loan modification application was being reviewed when instead, Defendants moved to foreclose.

Defendants have since removed the state action to federal court. Defendants now seeks to dismiss Plaintiffs' Complaint claiming that the causes of action contained therein are not supported by sufficient facts. Plaintiffs filed this lawsuit to protect their interest in the real property they previously owned located at **3749 Kingsley Street, San Diego, California 92106,** in the County of San Diego (hereinafter the "Subject Property"). Plaintiffs had previously filed another complaint, unfortunately for reasons unknown, Plaintiffs' counsel was not instantly made aware of the removal until it was too late and the matter was dismissed due to inadvertent unawareness. However, for the reasons set forth below, the causes of action set forth in the operative Complaint are

1

properly plead and Defendants' motion should be denied. The Complaint not only meets the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), and the Complaint sufficiently alleges consumer negligence and damage.

Plaintiffs re-affirm that their claims are legitimate and that DEFENDANTS' allegations are misleading. DEFENDANTS attempt to deflect any blame of wrongdoing by stating simply that the violations are not material enough. Plaintiffs however allege that these causes of action are meritorious and the MTD should be DENIED in its entirety. However, should the Court find that one or more of Plaintiffs' causes of action have not been sufficiently pled, Plaintiffs respectfully request leave to amend to cure any deficiencies.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal,* 556 U.S. at 678.

In ruling on a motion to dismiss, the Court must accept all material allegations of fact alleged in the complaint as true and resolve all doubts in favor of Plaintiff. (*Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998)). The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)] Moreover, the Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the Plaintiffs' claim is and the grounds upon which it rests." Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts.

Here, the Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8( a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

and plain." For example, the Complaint specifically identifies the actions of DEFENDANTS and how those actions are wrongful.

Furthermore, Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). In considering a motion to dismiss, a district court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). A court also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *Id*. Accordingly, DEFENDANTS' motion should be denied. Alternatively, if the Court finds that one or more causes of action are not properly plead Plaintiffs seek leave of court to amend the Complaint to cure any defects.

### III.   <u>STATEMENT OF FACTS</u>

The instant case arises as a result of PHH engaging in unlawful and unfair conduct relating to Plaintiffs' loan encumbering the subject property. Plaintiffs obtained their mortgage loan on or about December 19, 2006,. Defendant PHH as servicer of the loan, recorded a Notice of Default on October 25, 2018. PHH attempts to negate any wrongdoing on their part; however, Plaintiffs claim that PHH's negligent actions

commenced from the recording of this document. Plaintiffs **were not contacted** prior or after the recording of the NOD. Per the applicable statutes delineated in the Complaint, PHH had the duty to accurately contact Plaintiffs to discuss their options. Instead, PHH's inability to adequately perform, preempted Plaintiffs from receiving any real assistance. As such, PHH's actions have damaged Plaintiffs in that they missed their right to alternatives to foreclosure. Therefore, PHH's Motion to Dismiss should be denied in its entirety.

## IV.   **TENDER IS NOT REQUIRED IN THIS MATTER**

Plaintiffs are excused from tender as this would frustrate and be inconsistent with the purpose of the claims and would be inequitable to do. Moreover, tender may not be required where it would be inequitable to do so, *Onofrio v. Rice* (1997) 55 C.A. 4th 413, 424, and if the tender rule does apply, it is only to set aside a VOIDABLE sale. *Karlsen v. American Savings & Loan Assn*. (1971) 15 Cal.App.3d 117.

In *Dimock v. Emerald Properties, LLC* (2000) 81 Cal. App. 4th 868, 97 Cal. Rptr. 2d 255, the appellate court, in distinguishing *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 92 Cal. Rptr. 851, held that tender is not required when a trustee goes forward with a foreclosure sale without any legal authority to do so. In *Dimock*, the original trustee was substituted out for a new trustee.  However, without a subsequent substitution, the original trustee conducted the foreclosure sale.

Consequently, the court held that the foreclosure sale was VOID and a complete nullity with no force and effect.  Id. at 876.  Accordingly, the court held that the tender rule did not apply.  Id. at 878.

Furthermore, in *Barrionuevo v. Chase Bank, N.A.,* 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012) the Plaintiffs made "a fairly strong argument that tender—or at least full tender—should not be required because they are contesting not only irregularities in sale notice or procedure, but the validity of the foreclosure in the first place. " Emphasis added. Here, Plaintiff has made substantially similar allegations.  Specifically, Plaintiff allege that SLS was in violation because 1.) the Notice of Default was recorded without compliance in contacting the borrowers prior to and after said recording. Thus, this recorded document was void. Thus, the Dimock opinion is controlling law on this case and dictates that, because the foreclosure sale was void, tender is not required.

## V. **PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO CONSTITUTE VIOLATIONS OF HOMEOWNER BILL OF RIGHTS**

### A. *Cal. Civ. Code § 2923.6 stand as a viable cause of action.*

Plaintiffs' mortgage loan, being a first lien mortgage entitles Plaintiffs to relief under HBOR. PHH had to perform their due diligence and comply with the law. Cal. Civ. Code § 2923.6, under the California Homeowner's Bill of Rights ("HBOR"), which provides procedural protections to borrowers in review, or seeking a fair opportunity to be reviewed, for a loan modification. Plaintiffs allege PHH violated the HBOR statutes

when they encouraged Plaintiffs to submit a loan modification application and then dual-tracked them. PHH never provided Plaintiffs with a final written determination on the loan modification review. Where the plaintiff is not provided a final written determination, there exists a viable cause of action. *Bowman v. Wells Fargo Home Mortg.,* 2014 WL 1921829, at *5 (N.D. Cal. May 13, 2014) (borrower pled viable dual tracking claim based on servicer's failure to provide reason for modification denial or notice of appeal rights). As a matter of law, this cause of action stands because PHH did not give Plaintiffs a determination (written or verbal) as to the loan modification application. PHH's failure to comply with these statutes disallowed Plaintiffs to properly assess the timeline of events and submit anything additional that might have expedited the loan modification review process – AND avoided foreclosure. There was never anything in writing provided by PHH. As a result, Plaintiffs were wrongfully foreclosed on; therefore, the violations are material enough to constitute negligence and clear violation of the HBOR statutes.

HBOR continues the existing requirement that a servicer may not record a notice of default (NOD) until 30 days after contacting the borrower to discuss alternatives to foreclosure. Contact is specifically required 30 days before recording an NOD. Many courts have found in Plaintiffs' favor in this regard. See *Tavares v. Nationstar Mortg., LLC*, 2014 WL 3502851, at *6-7 (S.D. Cal. July 14, 2014); *Garcia v. Wells Fargo Bank,*

*N.A.*, 2014 WL 458208, at *4 (N.D. Cal. Jan. 31, 2014); *Cerezo v. Wells Fargo Bank*, N.A., 2013 WL 4029274, at *7 (N.D. Cal. Aug. 6, 2013). In this matter, a Notice of Default was recorded on June 7, 2018, and though regardless of their declaration that they attempted contact, none was made. Plaintiffs were available by phone and mail and never received a phone call from anyone or any written notifications. Moreover, Plaintiffs were not contacted post-NOD either, in violation of CC 2924.9.

Plaintiffs allege PHH further violated the HBOR statutes when they encouraged Plaintiffs to submit a loan modification application and then failed to properly review them. Plaintiffs were provided a determination or a denial, they were always under the impression that they were being reviewed. *Bowman v. Wells Fargo Home Mortg.,* 2014 WL 1921829, at *5 (N.D. Cal. May 13, 2014) (borrower pled viable dual tracking claim based on servicer's failure to provide reason for modification denial or notice of appeal rights). As a matter of law, this cause of action stands because PHH did not give Plaintiffs a determination (written or verbal) as to the loan modification application. PHH made Plaintiffs think they were being reviewed even when they simply continued to record a Notice of Sale after the RMA was submitted. There was never anything in writing provided by PHH that laid out any denial OR reasons for a denial, as required by the statutes. Therefore, the violations are material enough to constitute negligence and clear violation of the HBOR statutes.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

It is clear that PHH was intent on taking the steps necessary to conduct a non-judicial foreclosure. As aforementioned, this is evidenced through the recording of the Notice of Sale on September 25, 2018. *McLaughlin v. Aurora Loan Servs.,* 2014 WL 1705832, at *6 (C.D. Cal. Apr. 28, 2014) (finding that the *recording* of a notice of sale, not simply *serving* an NTS or scheduling a sale, violates HBOR's dual tracking statute). The dual tracking violation is clear and damaged Plaintiffs as they lost their home. Plaintiffs lost the chance to receive a modification that could have potentially saved their home.

Moreover, the ongoing default servicing is not only a precursor to foreclosure, it also damaged Plaintiffs in that Plaintiffs had to pay additional interest & late charges and fees associated with inspection on the property which servicers normally do every month and is standard procedure when foreclosure activity is initiated. These constitute in damages, aside from the time and effort expended by Plaintiffs in faxing and mailing documents, transportation to the non-profit center assisting them and loss of income suffered in taking time off work in order to come to an agreement. PHH must assume responsibility for the dual-tracking violations, which added to the default fees aside from Plaintiffs' own default. The dual-tracking led to illicit foreclosure. Therefore, these causes of action stand as a matter of law. Accordingly, Plaintiffs have properly pled a material violation of HBOR against PHH and PHH's motion should be denied.

### B. CA Civil Code § 2923.7 applies to PHH.

Several district courts have found that a borrower's request for a foreclosure alternative actually *TRIGGERS* the servicer's duty to assign a SPOC. *See*, *e.g.*, *Hild v. Bank of Am., N.A.,* 2015 WL 401316, at *7 (C.D. Cal. Jan. 29, 2015); *McFarland v. JP Morgan Chase Bank*, 2014 WL 4119399, at *11 (C.D. Cal. Aug. 21, 2014); *Hixson v. Wells Fargo Bank*, 2014 WL 3870004, at *5, n.4 (N.D. Cal. Aug. 6, 2014) (Servicer's argument that borrower must specifically request a SPOC is mooted by servicer's assignment of SPOCs.). Servicers then, **must** provide borrowers with a single point of contact ("SPOC"). Specifically, "upon request from a borrower who requests a foreclosure prevention alternative, the…servicer shall promptly establish a SPOC" *see Pura v. Citimortgage, Inc.,* 2015 WL 81980, at *1 (C.D. Cal. Jan. 2, 2015) (finding a viable SPOC claim where borrower spoke with servicer representatives, but was never assigned an identifiable SPOC). Servicers must also provide borrower with a "direct means of communication" with that SPOC. *See* Cal Civ. Code § 2923.7.

In either the "team" or individual form, SPOCs must provide the borrower with information about foreclosure prevention alternatives, deadlines for applications, how and where a borrower should submit her application, and must alert the borrowers if any documents are missing. See Cal. Civ. Code § 2923.7(b)(1)-(2). *See Garcia v. Wells*

*Fargo Bank, N.A.,* 2014 WL 458208, at *4 (N.D. Cal. Jan. 31, 2014) (finding SPOC's failure to follow up on loan modification request to violate CC 2923.7).

In the present matter, PHH's failure to assign an identifiable SPOC prevented Plaintiffs from assessing what their review situation was like, and by the same token, if any documents appeared to be missing or anything additional could've been done in order to speed and facilitate the review process. Any misunderstanding in documentation submittal could only be due to an alleged SPOC's failure to comply with their duties. It is a material violation of the statute when Plaintiffs were not able to even obtain status of their review. It is simply not enough for PHH to allege they are not culpable of any violations when they simply were not forthcoming with Plaintiffs neither verbally nor in writing. *See Pura v. Citimortgage, Inc., supra* (finding a viable claim where servicer never acknowledged any of borrower's application materials in writing).

### C. Cal. Civ. Code § 2924.9 stands as a viable cause of action.

Plaintiffs' mortgage loan, being a first lien mortgage and Plaintiffs having resided at the property, a single-family home, since they day it was purchased, entitles Plaintiffs to relief under HBOR. PHH had to perform its due diligence and comply with the law under the California Homeowner's Bill of Rights ("HBOR"), which provides procedural protections to borrowers in review, or seeking a fair opportunity for foreclosure alternatives.

HBOR has continued the existing requirement that a servicer may not record a notice of default (NOD) until 30 days after contacting the borrower to discuss alternatives to foreclosure. Contact is specifically required 30 days before recording an NOD. Many courts have found in Plaintiffs' favor in this regard. See *Tavares v. Nationstar Mortg., LLC*, 2014 WL 3502851, at *6-7 (S.D. Cal. July 14, 2014); *Garcia v. Wells Fargo Bank, N.A.*, 2014 WL 458208, at *4 (N.D. Cal. Jan. 31, 2014); *Cerezo v. Wells Fargo Bank*, N.A., 2013 WL 4029274, at *7 (N.D. Cal. Aug. 6, 2013). In this matter, PHH recorded a Notice of Default on October 25, 2018 and though regardless of their declaration that they attempted contact, none was made. Plaintiffs were available by phone and mail and never received a phone call from PHH nor any written notifications. Moreover, Plaintiffs were NOT contacted 5 days after the recording of the notice of default, in plain contravention of § 2924.9.

As a matter of law, this cause of action stands because PHH did not give Plaintiffs any loss mitigation options before or after the recording of the NOD. Nonetheless, it is clear that PHH was intent on taking the steps necessary to conduct a non-judicial foreclosure. This is evidenced through the recording of a Notice of Sale on February 11, 2019,. *McLaughlin v. Aurora Loan Servs.,* 2014 WL 1705832, at *6 (C.D. Cal. Apr. 28, 2014) (finding that the *recording* of a notice of sale, not simply *serving* an NTS or scheduling a sale, violates HBOR's dual tracking statute.

Plaintiffs have lost the chance to receive a loan modification that they would otherwise have been eligible for. Moreover, the ongoing default servicing is not only a precursor to foreclosure, it also damaged Plaintiffs in that Plaintiffs had to pay additional interest & late charges and fees associated with inspection on the property which servicers normally do every month and is standard procedure when foreclosure activity is initiated. Therefore, these causes of action stand as a matter of law. Accordingly, Plaintiffs have properly pled a material violation of HBOR against PHH and Defendant's motion should be denied.

### D. CA Civil Code § 2924.10 applies to PHH.

After submitting their application with PHH, they never sent Plaintiffs any written correspondence acknowledging receipt. Receipt of an application for loan modification (or any other documents) must be acknowledged within **five business days**. (Civil Code § 2924.10). PHH did not indicate WRITTEN correspondence as to the missing documents AND the appeal process. If a loan modification is denied, the servicer must provide information regarding time to appeal the denial and reason(s) for the denial. (Civil Code § 2923.6.). Plaintiffs NEVER received a final determination. PHH's failure to comply with these statutes disallowed Plaintiffs to properly assess the timeline of events and submit the required appeal documentation, if such was the case.   Therefore, this cause of action stands as a matter of law and Plaintiffs are entitled to injunctive

relief under CA. Civ. Code § 2924.19. All of the aforementioned causes of action stand as a matter of law. Accordingly, Plaintiffs have properly pled a material violation of HBOR against PHH and their motion should be denied.

## VI. PLAINTIFFS' CAUSE OF ACTION FOR NEGLIGENCE IS SUFFICIENTLY PLED

PHH attempts to get the negligence cause of action dismissed by implicating that there is no duty that PHH owes to Plaintiffs. Until recently, servicers were immune to negligence claims; however, this has started to shift, as shown in *Alvarez v. BAC Home Loans Servicing,* 228 Cal. App. 4th 941 (2014), the court found that, though a servicer is not obligated to initiate the modification process or to offer a modification, once it agrees to engage in the process with the borrower it owes a duty of care not to mishandle the application or negligently conduct the modification process. Though most courts have, in the past, failed to find a duty of care created by engaging in the modification process, Alvarez should begin to shift judges' calculus on the negligence issue. *Segura v. Wells Fargo Bank, N.A.*, 2014 WL 4798890, at *12-13 (C.D. Cal. Sept. 26, 2014) (citing Alvarez and finding servicer was obligated to handle borrowers' application with "reasonable care," and denying servicer's MTD borrowers'' negligence claim);

The facts alleged by Plaintiffs, when applied to the aforementioned factors, are sufficient to meet the standard requirement for a negligence cause of action. Plaintiffs allege that PHH owed them a duty to exercise reasonable care in the review of their

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

complete loan modification application once PHH as servicer had agreed to consider it. Plaintiffs allege that Defendant's negligent servicing of Plaintiffs' loan resulted in harm to them because THEY LOST THEIR HOME. Plaintiffs faithfully relied on PHH waiting anxiously for their loan modification to be reviewed, waiting anxiously for an approval. PHH breached this duty of care by mishandling Plaintiffs' application, not assessing their information and prolonging the review. In addition, no written notification as to the alleged missing documents was received by Plaintiffs. This is a basic requirement of servicers per CA Civil Code 2923.6 (a). Plaintiffs allege that PHH owed them a duty to exercise reasonable care in the review of their complete loan modification application once PHH offered them the chance to be reviewed. A servicer creates this duty of care by offering to modify borrower's account and by continuing to charge unauthorized interest, which PHH did. With these actions, PHH went "beyond the domain of a usual money lender" (quoting *Johnson v. HBSC Bank USA, Nat'l Ass'n*, 2012 WL 928433, at *4 (S.D. Cal. Mar. 19, 2012)).

While there are cases that conclude that a lender owes no duty of care to a borrower to modify a loan, there are also plenty that recognize that a lender does owe a borrower a duty of case in negotiating or processing an application for a loan modification. See *Watkinson v. Mortgage It, Inc.* (S.D. Cal. June 1, 2010) 2010 U.S. Dist. Lexis 53540, pp. *23-24 [duty of care found where bank knowingly misstated

borrower's income and value of property on loan application, and where borrower sought but was denied a loan modification.] Several courts have concluded a lender exceeds its rule as a money lender in connection with the handling of loan modification requests and is thus subject to a standard of reasonable care. *See Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098 (N.D. Cal. 2010) (denying motion to dismiss negligence claim against loan servicer and holding that servicer owed borrower a duty of care); *Trant v. Wells Fargo Bank, N.A.*, 2012 WL 2871642, at 19 (S.D. Cal. 2012) ("[A lender] cannot undertake the responsibility of administering the modification program yet escape negligence liability for administering it in a way that misleads borrowers and potentially brings them into default"). *See*, *e.g.*, *Duran v. Bank of Am., N.A.*, 2015 WL 794672, at *10 (C.D. Cal. Feb. 24, 2015) (following *Alvarez* to find a viable negligence claim where servicer's admitted but uncorrected clerical error led to a modification denial).

Here, the Complaint alleges Plaintiffs were simply not fairly evaluated by PHH and that was obviously due to carelessness. The factors clearly weigh in favor of the finding that PHH owed Plaintiffs a duty of care. <u>A servicer owes a duty of care in completing a loan mod review before proceeding to foreclosure.</u> Such has not been the case here as PHH instead proceeded to record a notice of sale. A duty of care is owed in contacting Plaintiffs, providing a SPOC and having written communications as far as the

final determination on the review, especially when the ownership of the home is at stake. Specifically, the servicing of the loan is intended to affect Plaintiffs and their home. Next, there is a clear foreseeability of harm to Plaintiffs as they could lose their home (which they did) AND lose all of their resources trying to save it, i.e., actual injury. Moreover, Plaintiffs continued to accrue late and interest fees as a result of the prolonged review, which are aside from any fees incurred on their part through any defaulting of payments.

Under *Biakanja v. Irving*, there are six (6) factors courts must analyze in determining whether a lender or servicer owes the borrower a duty of care: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Biakanja*, 49 Cal.2d at 650. Defendant PHH owed Plaintiffs a duty of care as its activities exceeded the traditional scope of conventional money lending. Defendant's activities exceeded this scope when they undertook to review Plaintiffs for modification assistance. In doing this, Defendant ceased acting wholly as money lender and began acting instead as agent for the Departments of Treasury, and Housing an Urban Development, officiating their Making Home Affordable Program, through which

loan modification is awarded. Defendant's activities further exceeded this scope, as money lenders are traditionally in the business of collecting, not modifying loans.

Defendant also owed Plaintiffs a duty of care according to the six factors listed above. First, the transaction was intended to affect Plaintiffs. The transaction at issue involved Plaintiffs' loan modification application. Potential loan modification determines whether Plaintiffs keep their home. Potential loan modification is what enticed Plaintiffs to divulge sensitive information and cling only to Defendant for mortgage assistance. Denying Plaintiffs a loan modification on a technicality after reaping the benefits from their application allows Defendant to foreclose with impunity. Second, the harm to Plaintiffs is foreseeable: the disclosure of sensitive information required for loan modification; a forestallment of Plaintiffs from looking sideways for other assistance with their loan; and ultimately, default and imminent foreclosure as Plaintiffs were given no definite excuse against loan modification approval, that they might contest it or appeal their cause. Third, not only is Plaintiffs' harm foreseeable, but certain according to the same reasons it was foreseeable as Plaintiffs were relegated to an oppressive loan. Fourth, Defendant's conduct and Plaintiffs' injuries were intimately connected. Plaintiffs allege Defendant put them up to applying for a loan modification, holding it out to them as available, when it was not. Plaintiffs allege Defendant forced Plaintiffs into delinquency by denying them a loan modification wrongly and without

explanation. Fifth, Defendant's misconduct is morally blameworthy. When Plaintiffs stood in a time of need, Defendant extorted from Plaintiffs deep personal and financial information, bleeding them all the more of their resources as they supplied it and then charging their account exorbitant late fees as they reviewed it. Defendant used this information to discover how swiftly they could foreclosure on the subject property and whether any hiccup therein might occur. Sixth, holding Defendant to a duty here presents a good policy of preventing future harm. Lenders should state initial eligibility requirements for loan modification upfront to borrowers; they should not be able to use such program to pry sensitive information from them. Lenders should also explain their loan modification denials exactly, in detail, that borrowers know they were properly considered and whether appeal is available from them. Thus, Defendant owed Plaintiffs a duty of care.

Moreover, PHH engaged with Plaintiffs throughout the course of several months, sufficient enough time for them to request any missing information in writing. *Crilley v. Bank of America, N.A.* (D. Hawaii, Apr. 26, 2012, No. 12-00081 LEK-BMK) 2012 U.S. Dist. Lexis 58469, p. *29 [denying motion to dismiss because Plaintiff "have pled sufficient facts to support a finding that Defendant went beyond its conventional role as a loan servicer by soliciting Plaintiffs to apply for a loan modification and by engaging with them for SEVERAL MONTHS" regarding the modification]. [Emphasis added].

Here, the Complaint alleges Plaintiffs were not legitimately evaluated, nor afforded a reasonable opportunity to be evaluated, represented in irrefutable disregard by or through the entities servicing/owning the loan, Defendant PHH. The claim for negligence is clearly meritorious against PHH and the MTD to this cause of action should be denied.

## VII.   PLAINTIFFS' WRONGFUL FORECLOSURE CAUSE OF ACTION IS PROPERLY PLEAD

The facts of the case are simple. Defendants erred in foreclosing on the subject property as a result of PHH failing to contact Plaintiffs to offer alternatives to foreclosure or simply give the loan modification review a final resolution, which they didn't. Defendants breached their obligation to Plaintiffs by failing to notify her of any foreclosure alternatives they may have been eligible for. The Trustee under the direction of the servicer caused a notice of default to be filed alleging Plaintiffs were in default and that they had been contacted to seek alternatives to foreclosure, however, this was far from the truth as they were never contacted at any point.

Defendants willingly and maliciously recorded the notice of default so they could claim they were in default and thereafter file a fraudulent notice of sale. Defendants knew the house had equity and knew foreclosing on the property would quickly pay off the entire loan. Therefore, the violations are material enough to constitute negligence

and clear violation of the law. These violations caused Plaintiffs' home to be foreclosed on wrongfully.

## VIII.   PLAINTIFFS HAVE ADEQUATELY PLED A CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

A violation under Bus. & Prof. Code Section 17200 et seq. ("Unfair Competition Law" or "UCL") includes any unlawful, unfair, or fraudulent business activity or practice. Section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. 'In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa. *Boschma v. Home Loan Ctr., Inc.,* 198 Cal. App. 4th 230, 252 (2011).

Plaintiffs point out that a UCL claim functions in the disjunctive ("unfair competition shall mean and include any unlawful, unfair **OR** fraudulent business act or practice" (Cal. Bus. & Prof. Code § 17200, emphasis added.) As such, if Plaintiffs have sufficiently pleaded actionable conduct under ANY OF THE THREE bases for a UCL claim, the motion should be denied. Having concluded that the complaint alleges a valid cause of action for HBOR violations against DEFENDANTS, the same allegations are sufficient to allege a cause of action under the UCL based on DEFENDANTS' fraudulent conduct. DEFENDANTS argue that Plaintiffs' UCL claim fails but their arguments fail for the reasons set forth below.

### A. Plaintiffs Have Pled Their Claims with Reasonable Particularity

First, Plaintiffs have pled their claims with reasonable particularity. Plaintiffs have satisfied this standard by identifying the specific provisions of the UCL that were violated and providing factual allegations surrounding those violations. Plaintiffs have alleged the specifics of the negligent servicing made by PHH.

### B. Plaintiffs Have Adequately Plead Standing

Second, Plaintiffs have standing. A plaintiff has standing under the UCL if a plaintiff ... **(2) has a present or future property interest diminished;** (3) is deprived of money or property to which he or she has a cognizable claim; or (4) is required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011). Plaintiffs have been wrongfully deprived of alternatives to foreclosure and as such, lost their home and have had to endure the expenses of the instant litigation as a result of PHH's failure to comply as aforementioned. Such expenditures provide Plaintiffs with standing under the UCL. See *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* 2011 WL 2533029, at *9 (C.D. Cal., June 24, 2011) ("Further, Plaintiff specifically alleges injury in fact, including "loss of equity in their home, costs and expenses related to protecting themselves, ... fees and costs, including, without limitation, attorneys' fees and costs."). PHH continued to charge default, interest and late fees to Plaintiffs' account even though

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

this is explicitly against statutory code. Since Plaintiffs have demonstrated that they suffered damages as a result of PHH's wrongful conduct, Plaintiffs' UCL claim was properly pled.

### C. Plaintiffs Need Only Allege Unlawful, Unfair or Fraudulent Conduct

A claim of an unlawful act under the UCL must borrow another law, and a violation of federal, state, statutory, or common law can serve as a predicate for a UCL unlawful claim. Stein, Cal. Practice Guide: Bus. & Prof. C. § 17200 Practice (The Rutter Group 2012) Par. 3:56; *People v. E.W.A.P., Inc.,* 106 Cal.App.3d 315, 319 (1980).

Plaintiffs have also pled fraudulent conduct under the UCL. "A fraudulent business practice is one that is likely to deceive members of the public." *Boschma v. Home Loan Ctr., Inc.,* 198 Cal. App. 4th 230, 252 - 53 (2011). A plaintiff need not plead the exact language of every deceptive statement; it is sufficient for a plaintiff to describe a scheme to mislead customers, and allege that each misrepresentation to each customer conforms to that scheme. *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 212-213 (1983); accord, *People v. Sup. Ct.* (Jayhill Corp.), 9 Cal.3d 283,287-288, (1973). Plaintiffs have met this standard by demonstrating the acts of misrepresentation by PHH in the recording of the NOD (the inaccurate declaration).

Lastly, Plaintiffs have pled unfair activity in violation of the UCL, PHH has violated the UCL even if its conduct is strictly deemed "lawful." *Cel-Tech*

*Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999). PHH's acts of negligent servicing and blaming Plaintiffs for their own mistakes, is clearly unfair as it resulted in prejudice against Plaintiffs.

A business practice is unfair if it violates public policy or is immoral, unethical, oppressive, or unscrupulous and causes injury to customers that outweigh its benefits. See *Walker v. Countrywide Home Loans*, 98 Cal.App.4th 1158, 1170 (2002). The "unfair" standard is intentionally broad, allowing courts maximum discretion to prohibit new schemes to defraud. *Motors, Inc. v. Times Mirror Co.*, 102 Cal.App.3d 735, 740 (1980). Here, the Complaint alleges that PHH's business acts and practices, include, but are not limited to, the following: (1) seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due;  (2) failing to send any written notifications as to any alternatives to foreclosure or make any calls in this regard even. For the reasons set forth above, Plaintiffs have properly stated a claim under Business and Professions Code Section 17200. Therefore, PHH's argument is meritless, and their Motion to Dismiss should be denied in its entirety.

## IX.    IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

Finally, as demonstrated in detail above, DEFENDANTS committed several violations and as a result, the Subject Property is potentially under foreclosure

24

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

proceedings. Accordingly, Plaintiffs request DEFENDANTS' Motion to Dismiss to be DENIED in its entirety.

However, if the court perceives any defect in Plaintiffs' Complaint, it should grant Plaintiffs leave to amend. The Ninth Circuit in *Mayes v. Leipziger,* 729 F.2d 605, 607-609 (9th Cir. 1984), determined that a party must be given at least one opportunity to amend the complaint after a motion to dismiss is granted. The Ninth Circuit based its holding in part on Federal Rule of Civil Procedure 15(a) which provides that "a party may amend her pleadings once as a matter of course at any time before a responsive pleading is filed ... " Id. at 607. A motion to dismiss is not considered a "responsive pleading." *Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963). Granting a motion to dismiss does not terminate the right to amend. Ibid. It is therefore clear error to grant a motion to dismiss without leave to amend. *Mayes v. Leipziger*, 729 F.2d at 607-608.

DATED:  January 13, 2020                    **CDLG, PC**


                                       BY:   */s/ Tony Cara*_____
                                              Tony Cara, Esq.
                                              Attorney for Plaintiffs,
                                              GEOFFREY SCHEUERMAN
                                              AND KATHLEEN SCHEUERMAN

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS