LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Kinga L. Wright (SBN 313827)
kinga.wright@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
PHH Mortgage Corporation; U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates, Series 2007-1; Western Progressive, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY SCHEUERMAN; and KATHLEEN SCHEUERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> PHH MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-1; WESTERN PROGRESSIVE, LLC; and DOES-10, inclusive, <br><br> Defendants. | CASE NO.: 3:19-cv-02396-WQH-AHG <br><br> **DEFENDANTS PHH AND U.S. BANK TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Date: January 27, 2020 <br><br><br><br> Complaint Filed: November 13, 2019 |

## I.  INTRODUCTION

Defendants PHH Mortgage Corporation ("PHH") and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough

1

Certificates, Series 2007-1 ("U.S. Bank Trustee") (collectively, "Defendants") submit this reply in support of their motion to dismiss the complaint filed by Plaintiffs.

## II. LEGAL ARGUMENT

### A. Plaintiffs have failed to state a claim for violation of California Civil Code § 2923.6.

Plaintiffs' Opposition maintains that Defendants have violated section 2923.6 because they "dual-tracked them." Opp. 7:1 – 3. Plaintiffs pay no attention to the actual language of section 2923.6. Their vague allegations of dual-tracking are precisely why their claim is insufficient to withstand Defendants' motion to dismiss.

Further, Plaintiffs do not address any of the points raised in Defendants' motion to dismiss this claim. A plaintiff's failure to oppose a defendant's argument is a concession that such claims should be dismissed. *See Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018), *citing Marziano v. County of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010) (construing plaintiff's failure to oppose defendants' arguments as a concession that the claim should be dismissed); *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's argument as a concession of said argument). Thus, Plaintiffs concede the following arguments.

First, Plaintiffs concede that the subject Notice of Default and Notice of Sale were recorded ***prior*** to their alleged submission of a loan modification application.[1] Thus, no loan modification application was pending when the Notice of Default and Notice of Sale were recorded as necessary to state a claim for violation of section 2923.6. The claim fails on these grounds alone.

Secondly, Plaintiffs also concede that their loan modification was not complete on April 17, 2019, or at all for that matter. There can be no claim for violation of

---

[1] Plaintiffs incorrectly state that the Notice of Default was recorded on June 7, 2018, and the Notice of Trustee's Sale was recorded on September 25, 2018. Cf. Defendants' Request for Judicial Notice, Exhibits 9, 10. Regardless, these dates pre-date Plaintiffs' alleged submission of a loan modification on April 17, 2019.

2

DEFENDANTS PHH AND U.S. BANK TRUSTEE'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Scheuerman v. PHH Mortgage Corporation, et al.*, Case No. 3:19-cv-02396-WQH-AHG

section 2923.6 without a complete loan modification application. Therefore, the claim must be dismissed for this reason, as well.

Third, Defendants were not required to "rescind all foreclosure efforts." Section 2923.6 does not require rescission of foreclosure efforts but merely prohibits certain further actions. Plaintiffs also fail to state a claim upon which relief can be granted on this basis.

### B. Plaintiffs have failed to state a claim for violation of California Civil Code § 2923.7.

Plaintiffs contend that they have stated a material violation of section 2923.7 because they were "not able to even obtain status of their review." Opp. 11:4 – 7. This argument is directly contradicted by the allegations of their complaint. Plaintiffs admit that they were in contact with PHH since April 17, 2019, through the date of filing of the complaint. Compl. ¶¶ 25 – 40. During this timeframe, Plaintiffs allege that they were in fact informed of the status of their loan modification review. Thus, Plaintiffs fail to allege a material violation of section 2923.7 on these grounds, and this cause of action must be dismissed.

### C. Plaintiffs have failed to state a claim for violation of California Civil Code § 2924.9.

Plaintiffs' opposition to Defendants' motion to dismiss the claim for violation of section 2924.9 consists of a number of platitudes. It appears to conflate section 2923.6 with 2923.9 and again alludes to a violation of the dual-tracking statute. Opp. 12:24 – 27. Their argument is completely off base as section 2923.9 is not a dual-tracking statute.

Again, Plaintiffs' fail to oppose the arguments made in Defendants' motion to dismiss, and thus, concede those arguments. First, Plaintiffs were reviewed for a loan modification numerous times and even received a loan modification. For this reason, Defendants were not required to send a written communication to Plaintiffs pursuant to section 2924.9. Secondly, Plaintiffs fail to allege a material violation of section

3

DEFENDANTS PHH AND U.S. BANK TRUSTEE'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Scheuerman v. PHH Mortgage Corporation, et al.,* Case No. 3:19-cv-02396-WQH-AHG

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

2924.9 because, even assuming arguendo that Defendants were required to send a written communication (and they were not) and they failed to do so (and they did not), Plaintiffs were well aware that they could be evaluated for a foreclosure prevention alternative as they submitted a loan modification application after the Notice of Default was recorded. Therefore, Plaintiffs fail to and cannot state a claim for violation of section 2924.9 and this cause of action should be dismissed without leave to amend.

### D. Plaintiffs fail to state a claim for violation of California Civil Code § 2924.10.

Plaintiffs again fail to oppose, and therefore concede, Defendants' argument as to this claim. That is, Plaintiffs fail to allege how any purported violation of section 2924.10 was material, as required to state a claim. And Plaintiffs cannot allege that any violation was material given that they allege that their agent had numerous conversations with PHH regarding their loan modification application and, thus, they knew that it was received. This claim should also be dismissed without leave to amend.

### E. Plaintiffs have abandoned their claim for violation of California Civil Code § 2924.11.

Plaintiffs do not oppose, and therefore, concede that their claim for violation of section 2924.11 should be dismissed. Therefore, this claim should be dismissed.

### F. Plaintiffs fail to state a claim for negligence.

Plaintiffs rely heavily on *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941 (2014), where the court found that a servicer owes a duty to a borrower to conduct a proper review once it accepts the loan modification application. However, as discussed in Defendants' motion to dismiss, *Alvarez* and its line of cases have been criticized by numerous courts. *See, e.g., Anderson v. Deutsche Bank Nat'l Trust Co. Ams.*, 649 Fed.Appx. 550, 552 (9th Cir. 2016) (finding the *Lueras* line of cases more persuasive); *see also Willis v. JPMorgan Chase Bank, N.A.*, 250 F.Supp.3d 628 (E.D.

4

DEFENDANTS PHH AND U.S. BANK TRUSTEE'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Scheuerman v. PHH Mortgage Corporation, et al.,* Case No. 3:19-cv-02396-WQH-AHG

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Cal. Apr. 5, 2017) (under *Lueras*, an allegation that the defendant has an obligation to reasonably and fairly review the plaintiff's loan modification application is insufficient to establish that the defendant owned the plaintiff a duty of care). As Plaintiffs completely disregard this case law and have failed to make any convincing argument as to why this Court should follow *Alvarez* and other outdated case law cited by Plaintiffs, this Court should follow the better-reasoned *Lueras* line of cases, including the Ninth Circuit's decision in *Anderson*, instead.

Most notably, the California Court of Appeal recently disagreed with *Alvarez* and held that a lender does not owe a duty to offer, consider, or approve a loan modification. *Sheen v. Wells Fargo Bank, N.A.*, 38 Cal.App.5th 346 (2019), review granted. In doing so, the Court of Appeal sought guidance from a recent California Supreme Court decision, *Southern California Gas Leak Cases*, 7 Cal.5th 391 (2019). Relying on the reasoning of *Gas Leak Cases* and surveying the law across the country, the Court of Appeal in *Sheen* explained that when a party's negligence in negotiating a contract causes economic loss of the other, the economic loss doctrine dictates that a court should use the law of contract to determine the parties' rights and remedies. *Sheen*, 38 Cal.App.5th at 356 – 357. Doing so "prevents the erosion of contract doctrines by the use of tort law to work around them. The rule also reduces the confusion that can result when a party brings suit on the same facts under contract and tort theories that are largely redundant in practical effect." *Id*. The Court of Appeal also added that because a lender ultimately has no duty to ***approve*** a loan modification application, the law should not impose a duty on the lender to carefully ***review*** the application. *Id*. In sum, the Court of Appeal sided with *Lueras* and disagreed with *Alvarez*.

The allegations in the complaint, like those in *Sheen*, amount to nothing more than "a financial transaction gone awry." *Id*. at 354. Plaintiffs' purported damages are pure economic losses. Furthermore, there is no "special relationship" between Plaintiffs and Defendants. Accordingly, no exception to the economic loss rule applies

5

here, and Defendants did not owe Plaintiffs a duty in reviewing their loan modification application. As such, Plaintiffs' claim for negligence should be dismissed.

And finally, Plaintiffs contend that they were harmed because "they lost their home." Opp. 15:4. As set forth in Defendants' motion to dismiss, the Court can take judicial notice of the fact that no trustee's deed upon sale has been recorded and, therefore, Plaintiff remain the owners of the property. Thus, Plaintiffs contention is simply untrue and cannot form the basis of their claim for negligence.

### G.  Plaintiffs fail to state a claim for wrongful foreclosure.

Plaintiffs argue that they have sufficiently stated a claim for wrongful foreclosure because "Defendants *erred* in foreclosing on the subject property." Opp. 20:10 – 12 (emphasis added). However, to state a claim for wrongful foreclosure Plaintiffs must allege an ***illegal, fraudulent, or willfully oppressive*** sale of real property. The complaint is devoid of any such allegations of an illegal, fraudulent, or willfully oppressive sale of the subject property, and therefore, Plaintiffs have failed to state a claim for wrongful foreclosure.

Further, Plaintiffs have failed to allege any prejudice or harm. No trustee's deed upon sale has been recorded, and Plaintiffs remain the owners of the subject property. This claim fails for this reason, as well.

And finally, Plaintiffs argue that they are excused from the tender requirement due to the purported HBOR violations. As discussed above, Plaintiffs' HBOR claims fail. Thus, Plaintiffs' contention that they are excused from the tender requirement on these grounds must fail, as well.

### H.  Plaintiffs fail to state a claim for violation of the UCL.

Plaintiffs argue that they have adequately pled a UCL claim because they "have alleged the specifics of the negligent servicing made by PHH." Opp. 22:5 – 7. That contention only supports Defendants' position – that the UCL claim derives from all of the other claims, and as a result, fails for those same reasons. *See Krantz v. BT*

6

DEFENDANTS PHH AND U.S. BANK TRUSTEE'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Scheuerman v. PHH Mortgage Corporation, et al.,* Case No. 3:19-cv-02396-WQH-AHG

*Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim "stand[s] or fall[s] with the antecedent substantive causes of action."); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL."). Since the Court should dismiss all of Plaintiffs' other claims, Plaintiffs cannot state a claim for violation of the UCL.

Just to avoid any doubt, Plaintiffs fail to not only sufficiently allege the unlawful prong of the UCL claim, but also the fraudulent and unfair prongs. A UCL claim premised on fraud must "allege, with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011) (dismissing UCL claim explaining that "Plaintiffs have not met this standard because they have not identified specific deceptive statements or omissions … or alleged facts showing why those specific statements or omissions would be likely to deceive the public."); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were deceived"); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) (UCL claim lacked requisite particularity where plaintiff did not explain the manner by which the defendant allegedly mislead the plaintiff's customers). The complaint does not plead any facts to suggest that Defendants made representations or acted in a manner that would likely deceive Plaintiffs or the public. As such, Plaintiffs fail to state a UCL claim under the "fraud" prong.

Plaintiffs' claim under the UCL's "unfair" prong is also inadequately pled. An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003). Again, Plaintiffs fails to state an HBOR claim, and therefore fail to state a UCL claim

under the "unfair" prong. Since Plaintiffs fail to state a claim under the unlawful, unfair, or fraudulent prong of the UCL claim, this claim should be dismissed.

Plaintiffs also argue that they have standing to pursue a UCL claim because they "have been wrongfully deprived of alternatives to foreclosure and as such, lost their home." Opp. 22:22. As has already been discussed, the contention that Plaintiffs no longer own the subject property is simply untrue and contradicted by judicially noticeable facts. Moreover, case law has held that the *potential* loss of property cannot support a UCL claim. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 523. Thus, Plaintiffs' UCL claim should be dismissed for this additional reason.

## III.  CONCLUSION

For all of these reasons, Defendants respectfully request that this Court grant their motion to dismiss, in its entirety.

Dated:  January 17, 2020

Respectfully submitted,
LOCKE LORD LLP

By: */s/ Kinga L. Wright*
    Regina J. McClendon
    Kinga L. Wright
Attorneys for Defendants PHH Mortgage Corporation; and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates, Series 2007-1