UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY SCHEUERMAN and KATHLEEN SCHEUERMAN,<br><br>                              Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION; WESTERN PROGRESSIVE, LLC; AND DOES 1-10 inclusive,<br><br>                              Defendants. | Case No.:  3:19-cv-02396-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the Motion to Dismiss filed by Defendants PHH Mortgage Corporation and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1.  (ECF No. 8).

## I.    PROCEDURAL BACKGROUND

On November 13, 2019, Plaintiffs Geoffrey Scheuerman and Kathleen Scheuerman commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00060156-CU-OR-CTL, against

Defendants PHH Mortgage Corporation ("PHH"); U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates, Series 2007-1 ("BNA"); and Western Progressive, LLC ("WP"). (ECF No. 1-3 at 2). Plaintiffs allege that Defendants "violated various California statutes and the Homeowner Bill of Rights Act" by selling Plaintiffs' personal residence in foreclosure proceedings. *Id*. at 4. Plaintiffs bring the following eight causes of action: (1) violation of California Civil Code § 2923.6(c) (failure to rescind foreclosure efforts after loan modification filed) against Defendants PHH, BNA, and WP; (2) violation of California Civil Code § 2923.7 (failure to assign a single point of contact) against Defendant PHH; (3) violation of California Civil Code § 2924.9 (failure to provide homeowner with foreclosure alternatives) against Defendants PHH, BNA, and WP; (4) violation of California Civil Code § 2924.10 (failure to provide homeowner with written notice of receipt of loan modification application) against Defendant PHH; (5) violation of California Civil Code § 2924.11 (dual tracking) against Defendants PHH, BNA, and WP; (6) negligence against Defendants PHH, BNA, and WP; (7) wrongful foreclosure against Defendants PHH, BNA, and WP; and (8) violation of Business & Professional Code § 17200 (unfair business practices) against Defendants PHH, BNA, and WP. *See id*. at 8-20. Plaintiffs seek compensatory, special, general, and punitive damages; civil penalties; injunctive relief; restitution and disgorgement of profits; attorney's fees; costs; recompense of damages and arrears; and "any other relief as [the Court] may deem just and proper." *Id*. at 20.

On December 13, 2019, Defendants PHH and BNA removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. (ECF No. 1). Defendants PHH and BNA state that Defendant WP "is a nominal defendant named only because it is the trustee of the relevant deed of trust" and "has consented to … removal." *Id*. at 4-5. On December 20, 2019, Defendants PHH and BNA filed a Motion to Dismiss all eight of Plaintiffs' causes of action for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6 at 2). On December 30, 2019, Defendants PHH and BNA filed an Amended Notice of Motion and Motion to Dismiss.

(ECF No. 8).  On January 13, 2020, Plaintiffs filed a Response in opposition.  (ECF No. 10).  On January 17, 2020, Defendants PHH and BNA filed a Reply.  (ECF No. 11).

## II.   ALLEGATIONS OF THE COMPLAINT

On December 19, 2006, Plaintiffs obtained a mortgage loan on their personal residence located in San Diego, California from BNC Mortgage, Inc.  On September 2, 2011, Plaintiffs entered into a Loan Modification Agreement with J.P. Morgan Chase Bank, N.A.

On January 8, 2015, an Assignment of the Deed of Trust was recorded in the San Diego County Recorder's Office, which assigned the Deed of Trust from BNC Mortgage, Inc. to Defendant BNA.

On February 22, 2018, Plaintiffs reached a "settlement agreement" with Defendants PHH and BNA.  (ECF No. 1-3 at 5).  On August 24, 2018, a Second Assignment of the Deed of Trust was recorded in the San Diego County Recorder's Office, which assigned the Deed of Trust from J.P. Morgan Chase Bank, N.A. to Defendant BNA.  On October 5, 2018, a Substitution of Trustee was recorded in the San Diego County Recorder's Office, which replaced T.D. Service Company with Defendant WP.

On October 25, 2018, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in the San Diego County Recorder's Office.  On February 11, 2019, a Notice Trustee's Sale was recorded in the San Diego County Recorder's Office.

On March 19, 2019, Plaintiffs submitted a loan modification application to Ocwen Loan Servicing, LLC through their agent and requested a single point of contact.  On April 17, 2019, Plaintiffs filed a Chapter 13 bankruptcy petition.  On the same day, Plaintiffs submitted a second loan modification application to Ocwen Loan Servicing, LLC through their agent and requested a single point of contact.

On April 29, 2019, Plaintiffs' agent learned that the trustee's sale "was pushed and is on hold status."  *Id*. at 6.  On May 3, 2019, Plaintiffs' agent learned that the trustee's sale was rescheduled for June 10, 2019.  On May 7, 2019, Defendant PHH advised Plaintiffs' agent that the trustee sale "was now again on hold."  *Id*.

On June 18, 2019, Plaintiffs' agent received "communications by the attorney representing them that they hired at the time that they needed to send additional documents in support of the[ir loan modification application]." *Id.* On July 17, 2019, Plaintiffs' agent "again gets a message from the attorney representing them that they needed more documents supporting the [loan modification application]." *Id.* On the same day, the date of sale was postponed to August 6, 2019.

On August 9, 2019, Plaintiffs' agent informed Plaintiffs that their 2018 taxes were still missing from their loan modification application. On the same day, Defendant PHH advised Plaintiffs' agent that Plaintiffs' 2018 taxes were not due until October 15, 2019. On the same day, the date of sale was postponed to August 22, 2019.

On August 21, 2019, Plaintiffs' agent called Defendant PHH and learned that Defendant PHH had received Plaintiffs' loan modification application but required Plaintiffs' signatures, Plaintiffs' self-employment and profit statement, and information regarding Plaintiffs' 2019 losses. On the same day, the date of sale was postponed to September 24, 2019.

On August 23, 2019, Plaintiffs' agent called Defendant PHH and learned that Defendant PHH had received Plaintiffs' documents, a letter would be mailed out, and "nothing more was needed at this time." *Id.* On August 28, 2019, Plaintiffs' agent called Defendant PHH and learned that "nothing else was needed at this time" and that the trustee sale scheduled for September 24, 2019 "is on hold." *Id.* at 6-7. On September 3, 2019, Plaintiffs' agent called Defendant PHH and learned that Plaintiffs' application was "still being reviewed." *Id.* at 7.

On September 11, 2019, Plaintiffs' agent called Defendant PHH. During the phone call, Defendant PHH requested Plaintiffs' 2018 Profit and Loss Statement or Plaintiffs' 2018 tax extension. On the same day, Plaintiffs' agent faxed Plaintiffs' 2018 tax extension to Defendant PHH. On September 12, 2019, Plaintiffs' agent called Defendant PHH and learned that Defendant PHH had received Plaintiffs' 2018 tax extension and that Plaintiffs' application was "now again with underwriting". *Id.*

On September 23, 2019, Plaintiffs' agent called Defendant PHH and learned that Plaintiffs' application "remains in review with nothing needed at this time" and "a letter was being sent … acknowledging the completion of [Plaintiffs' application]." *Id*. On the same day, the trustee sale scheduled for October 28, 2019 was put on hold.

On October 10, 2019, Plaintiffs' agent called Defendant PHH and learned that "nothing ha[d] been worked on since August of 2019" and that the new October 28, 2019 date of sale "was suspended." *Id*. On October 16, 2019, Plaintiffs' agent called Defendant PHH and learned that Plaintiffs' application "was closed on September 20, 2019." *Id*.

On October 24, 2019, Plaintiffs' agent called Defendant PHH. During the call, Defendant PHH informed Plaintiffs' agent that the trustee's sale had been suspended and that Plaintiffs' file would be reviewed. During the call, Defendant PHH informed Plaintiffs' agent that Plaintiffs were 99 payments behind and that postponement was not guaranteed.

On October 28, 2019, Plaintiffs' agent called Defendant PHH and learned that Plaintiffs' application had been sent to an underwriter and was under review. On the same day, Defendant PHH informed Plaintiffs' agent that Defendant PHH would contact its foreclosure department to postpone the October 28, 2019 sale date. On the same day, Defendant PHH informed Plaintiffs' agent that it was waiting for a response from its foreclosure department and would call Plaintiffs' agent back. On October 29, 2019, Defendant PHH informed Plaintiffs' agent that Plaintiffs' personal residence was sold on October 28, 2019.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted …." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citation omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)) (alteration in original). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations …." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## IV. DISCUSSION

### a. Violation of California Civil Code § 2923.6(c) (claim 1)

Plaintiffs allege that Defendants PHH, BNA, and WP violated California Civil Code § 2923.6(c) "by failing to rescind all foreclosure efforts against PLAINTIFFS, including the recording of a Notice of Default or Notice of Trustee's Sale." (ECF No. 1-3 at 9) (emphasis in original).

California Civil Code § 2923.6(c) states, in relevant part,

(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first

lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).  California Civil Code § 2923.6(h) states that "[f]or purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *Id*. § 2923.6(h).

Defendants PHH and BNA assert that Plaintiffs submitted their loan modification application after the Notice of Default and the Notice of Sale were recorded.  Defendants PHH and BNA contend that § 2923.6(c) does not require Defendants to rescind all foreclosure efforts that have taken place prior to the submission of a complete loan modification application.  Defendants PHH and BNA contend that § 2923.6(c) only prohibits Defendants from taking certain further actions to advance foreclosure efforts.

Plaintiffs contend that Defendant PHH violated § 2923.6 when it encouraged Plaintiffs to submit a loan modification application and dual tracked them by not providing a final written determination as to the loan modification application.  Plaintiffs assert that Defendant PHH failed to inform Plaintiffs that their loan modification application had been denied and failed to provide reasons for the denial.  Plaintiffs assert that Defendant PHH's failure to comply with § 2923.6 prevented Plaintiffs from properly assessing the status of their application and submitting additional document that may have expedited the loan modification review process.  Plaintiffs contend that California law prohibits servicers from recording a notice of default until 30 days after contacting borrowers to discuss alternatives

to foreclosure.  Plaintiffs assert that they were never contacted by Defendants before a notice of default was recorded on June 7, 2018.  Plaintiffs contend that the foreclosure was wrongful.  Plaintiffs contend that they lost the chance to receive a loan modification due to Defendants' dual tracking.

In this case, the Complaint alleges that Defendants PHH, BNA, and WP "recorded a Notice of Trustee's Sale on the Subject Property" on October 25, 2018.  (ECF No. 1-3 at 8).  In support of this allegation, Plaintiffs cite to Exhibit H of their Complaint.  *See id*.  Exhibit H is a Notice of Trustee's Sale that was recorded on February 11, 2019.[1]  *See id*. at 81.  Exhibit H lists the date of sale as March 21, 2019.  *See id*.  The Complaint allege that Plaintiffs "submitted a complete loan modification application" to Defendant PHH on April 17, 2019.  *Id*. at 8, 11.  In support of this allegation, Plaintiffs cite to Exhibit I of their Complaint.  *See id*. at 8, 11.  Exhibit I is a loan modification application to Ocwen Loan Servicing, LLC that was signed and dated by Plaintiffs on August 17, 2019.  *See id*. at 92.  The Complaint allege that Defendants PHH, BNA, and WP violated California Civil Code § 2923.6(c) "by failing to rescind all foreclosure efforts against PLAINTIFFS, including the recording of a Notice of Default or Notice of Trustee's Sale."  *Id*. at 9 (emphasis in original).  The Complaint alleges that Defendant PHH violated California Civil Code § 2924.10 by "fail[ing] to provide written notice to PLAINTIFFS of receipt of loan modification application within 5 business days of receipt."  *Id*. at 11 (emphasis in original).

Plaintiffs' August 17, 2019 loan modification application to Ocwen Loan Servicing, LLC (attached as Exhibit I to the Complaint) states that applicants "may be required to

---

[1] Defendants PHH and BNA request the Court to take judicial notice of 11 documents.  *See* ECF No. 6-2 at 2-3.  The second requested document, the Home Affordable Modification Agreement, is attached as Exhibit A and Exhibit B to Plaintiffs' Complaint.  *See* ECF No. 1-3 at 38-44, 51-52.  The ninth requested document, the Notice of Default and Election to Sell under Deed of Trust that was recorded on October 25, 2018, is attached as Exhibit F to Plaintiffs' Complaint.  *See* ECF No. 1-3 at 73-76.  The tenth requested document, the Notice of Trustee's Sale that was recorded on February 11, 2019, is attached as Exhibit H to Plaintiffs' Complaint.  *See* ECF No. 1-3 at 81-83.  The Court has only considered the second, ninth, and tenth requested documents.  The Court takes judicial notice of the second, ninth, and tenth requested documents.

provide additional supporting documentation" and that "there may be times when additional information is needed to review the situation thoroughly and [applicants'] information may be provided to complete the review, such as (a) Ordering credit reports, (b) verifying bank accounts in this disclosures, and (c) obtaining any other information necessary to properly analyze this request." *Id.* at 91-92.  In this case, there are no facts alleged in the Complaint to infer that that August 17, 2019 loan application was complete prior to the October 28, 2019 date of sale.  *See Darsow v. Wells Fargo Bank, N.A.*, No. 8:19-cv-01252-JLS-JDE, 2019 WL 6391520, at *4 (C.D. Cal. Sept. 3, 2019) ("[T]he application form expressly references that additional documentation − such as a credit report, income history, account balances, etc. – may be required by Wells Fargo. … Hence, Darsow *cannot* allege that his barebones May 14, 2019 application supplied 'all documents required by the mortgage servicer' because the form itself refutes that allegation.") (emphasis in original).

California Civil Code § 2923.6(h) dictates that the servicer determines which documents are required, not the borrower.  *See* Cal. Civ. Code § 2923.6(h).  The Court finds that Plaintiffs fail to allege sufficient facts to infer that Plaintiffs submitted a complete loan modification application before the October 28, 2019 date of sale.  The Court concludes that Plaintiffs fail to state a claim pursuant to California Civil Code § 2923.6(c).  *See e.g.*, *Lynam v. Nationstar Mortg. LLC*, No. 15-cv-00992-DMR, 2015 WL 5467485, at *4 (N.D. Cal. Sept. 17, 2015) ("In sum, the court finds that Plaintiff has not sufficiently alleged facts to support the inference that she submitted a 'complete' loan modification application within the meaning of the statute prior to the October 23, 2013 sale.  Accordingly, Plaintiff's section 2923.6 claim is dismissed."); *Darsow*, 2019 WL 6391520, at *4 (dismissing claims for relief pursuant to Cal Civ. Code §§ 2923.6(c) and 2924.10 because plaintiff failed to allege facts sufficient to show that he submitted a complete loan modification application).  Plaintiffs' first claim is dismissed without prejudice and with leave to amend.

### b.  Violation of California Civil Code § 2924.11 (claim 5)

Plaintiffs allege that Defendants PHH, BNA, and WP violated California Civil Code § 2924.11 and engaged in dual tracking "by continu[ing] to proceed with scheduling the

sale date of October 28, 2019 per the operative Notice of Trustee's Sale and the subsequent advisement from [Defendant] PHH …, all while PLAINTIFFS are in ACTIVE review." (ECF No. 1-3 at 11-12) (emphasis in original).

Defendants PHH and BNA contend that California Civil Code § 2924.11 was amended as of January 1, 2019 and no longer pertains to the submission of a loan modification application. Defendants PHH and BNA contend that California Civil Code § 2923.6 now contains the dual-tracking prohibitions that Plaintiffs allege. Defendants PHH and BNA contend that Plaintiffs dual-tracking claim fails for the reason discussed in the preceding section regarding § 2923.6; that is, no complete loan modification application was pending when the Notice of Default and Notice of Sale were recorded. Plaintiffs refer to dual-tracking violations in the preceding section regarding their first cause of action pursuant to California Civil Code § 2923.6.

Plaintiffs' California Civil Code § 2924.11 claim is appropriately characterized as a claim under the current version of § 2923.6 because § 2923.6 contains the dual-tracking prohibitions Plaintiffs invoke. *See e.g., Gordon v. U.S. Bank Nat'l Ass'n*, No. CV 18-10075 DMG (PLAx), 2019 WL 8168066, at *3 (C.D. Cal. Sept. 9, 2019) ("First, Fay Servicing and Truman are correct that section 2924.11 no longer applies to the facts of this case. As discussed above, section 2923.6 now contains the dual-tracking prohibitions Plaintiff invokes and controls the analysis here."). The Court analyzes Plaintiffs' § 2924.11 claim pursuant to § 2923.6.

In this case, Plaintiffs fail to allege sufficient facts to infer that Plaintiffs submitted a complete loan modification application before the October 28, 2019 date of sale. For the same reasons, the Court concludes that Plaintiffs fail to state a claim pursuant to California Civil Code § 2924.11. *See e.g.*, *id.* (dismissing plaintiff's § 2924.11 claim because "the Court agrees with Fay Servicing and Truman that the SAC's allegations pertaining to the completeness of Plaintiff's application are inadequate."); *Marcus v. Bank of Am., NA*, No. CV 19-1747 PA (FFMx), 2019 WL 6354391, at *4 (C.D. Cal. Oct. 12, 2019) ("Thus, Plaintiff's TAC fails to state a claim for dual-tracking under California law because Plaintiff

fails to adequately allege that her application was complete when Nationstar recorded the NOD.").  Plaintiffs' fifth claim is dismissed without prejudice and with leave to amend.

### c.  Violation of California Civil Code § 2924.10 (claim 4)

Plaintiffs allege that Defendant PHH violated California Civil Code § 2924.10 "by fail[ing] to provide written notice to PLAINTIFFS of receipt of loan modification application within 5 business days of receipt."  (ECF No. 1-3 at 11) (emphasis in original).

California Civil Code § 2924.10 states, in relevant part,

(a) When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt. In its initial acknowledgment of receipt of the loan modification application, the mortgage servicer shall include the following information:

> (1) A description of the loan modification process, including an estimate of when a decision on the loan modification will be made after a complete application has been submitted by the borrower and the length of time the borrower will have to consider an offer of a loan modification or other foreclosure prevention alternative.
> (2) Any deadlines, including deadlines to submit missing documentation, that would affect the processing of a first lien loan modification application.
> (3) Any expiration dates for submitted documents.
> (4) Any deficiency in the borrower's first lien loan modification application.

(b) For purposes of this section, a borrower's first lien loan modification application shall be deemed to be "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.

Cal. Civ. Code § 2924.10.

Defendants PHH and BNA contend that Plaintiffs fail to allege a material violation of § 2924.10.  Defendants PHH and BNA assert that Plaintiffs knew that Defendant PHH had received their loan modification application because Defendant PHH acknowledged receipt of the application on August 21, 2019 and Plaintiffs' agent had subsequent conversations with Defendant PHH regarding the application.  Defendants PHH and BNA

assert that the alleged failure to provide written receipt of the application did not affect the review process.  Plaintiffs contend that § 2924.10 requires servicers to acknowledge receipt of applications for loan modification and any other documents within five business days. Plaintiffs assert that Defendant PHH failed to provide written information to Plaintiffs regarding the missing documents, the denial of the application, the reasons for the denial, and the appeal process.  Plaintiffs assert that Defendant PHH's failure to comply with § 2924.10 prevented Plaintiffs from assessing the status of their application and submitting the required appeal documentation.

California Civil Code § 2924.10(b) dictates that the servicer determines which documents are required, not the borrower.  *See* Cal. Civ. Code § 2924.10(b).  In this case, Plaintiffs fail to allege sufficient facts to infer that Plaintiffs submitted a complete loan modification application before the October 28, 2019 date of sale.  The Court concludes that Plaintiffs fail to state a claim pursuant to California Civil Code § 2924.10.  *See e.g.*, *Darsow*, 2019 WL 6391520, at *4 (dismissing claims for relief pursuant to Cal Civ. Code §§ 2923.6(c) and 2924.10 because plaintiff failed to allege facts sufficient to show that he submitted a complete loan modification application).  Plaintiffs' fourth claim is dismissed without prejudice and with leave to amend.

### d.  Violation of California Civil Code § 2923.7 (claim 2)

Plaintiffs allege that Defendant PHH violated California Civil Code § 2923.7 "by fail[ing] to assign a Single Point of Contact … within a reasonable time after receipt of the loan modification application."  (ECF No. 1-3 at 10).

California Civil Code § 2923.7 states, in relevant part,

(a) When a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.
(b) The single point of contact shall be responsible for doing all of the following:

(1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

(c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.

(d) The mortgage servicer shall ensure that a single point of contact refers and transfers a borrower to an appropriate supervisor upon request of the borrower, if the single point of contact has a supervisor.

(e) For purposes of this section, "single point of contact" means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process.

Cal. Civ. Code § 2923.7.

Defendants PHH and BNA assert that Plaintiffs have been in contact with Defendant PHH's team of personnel since April 17, 2019.  Defendants PHH and BNA contend that Plaintiffs fail to allege a material violation of § 2923.7 and fail to demonstrate a need for injunctive relief.  Plaintiffs contend that § 2923.7 requires servicers to establish a single point of contact and provide borrowers with a direct means of communication with that single point of contact.  Plaintiffs contend that § 2923.7 requires single points of contact to notify borrowers of foreclosure prevention alternatives, deadlines for applications, and whether any documents are missing from the borrowers' applications.  Plaintiffs assert that Defendant PHH's failure to assign an identifiable single point of contact prevented Plaintiffs

from assessing the status of the loan modification application and prevented Plaintiffs from taking action to facilitation the review process.  Plaintiffs assert that any misunderstandings regarding the submission of documents could only have been caused by a single point of contact's failure to comply with their duties.

In this case, the Complaint alleges that Plaintiffs "submitted a complete loan modification application" to Defendant PHH on April 17, 2019.  (ECF No. 1-3 at 10).  In support of this allegation, Plaintiffs cite to Exhibit I of their Complaint.  *See id.*  Exhibit I is a loan modification application to Ocwen Loan Servicing, LLC that was signed and dated by Plaintiffs on August 17, 2019.  *See id.* at 92.  The Complaint alleges that Defendant PHH violated California Civil Code § 2923.7 by "fail[ing] to assign a Single Point of Contact … within a reasonable time after receipt of the loan modification application."  *Id.* at 10.

The Court is not required to accept as true legal conclusions couched as factual allegations.  *See Marcus*, 2019 WL 6354391, at *6 (quoting *Saber v. JPMorgan Chase Bank, N.A.*, No. SACV 13-00812-DOC (JCGx), 2014 WL 255700, at *3 (C.D. Cal. Jan. 23, 2014)).  Plaintiffs fail to present facts that Defendant PHH "failed to assign a Single Point of Contact … within a reasonable time after receipt of the loan modification application." (ECF No. 1-3 at 10).  The Court concludes that Plaintiffs fail to state a claim pursuant to California Civil Code § 2923.7.  *See e.g.*, *Marcus*, 2019 WL 6354391, at *6 ("Plaintiff alleges in conclusory fashion that 'Nationstar failed to provide plaintiff with a [SPOC].' … Plaintiff's allegation is insufficient to state a claim….  Thus, Plaintiff's TAC fails to state a claim under section 2923.7.") (first alteration in original); *Saber*, 2014 WL 255700, at *3 ("Plaintiff's SAC states only that Defendant failed to provide him with a single point of contact, and lists a series of statutory responsibilities….  Plaintiff again does not allege any additional facts to support the conclusion Defendant violated § 2923.7.").  Plaintiffs' second claim is dismissed without prejudice and with leave to amend.

### e.  Violation of California Civil Code § 2924.9 (claim 3)

Plaintiffs allege that Defendant PHH, BNA, and PHH violated California Civil Code § 2924.9 "by fail[ing] to notify PLAINTIFFS of all foreclosure prevention alternatives

within 5 business days after Notice of Default recorded ….'"  (ECF No. 1-3 at 10) (emphasis in original).

California Civil Code § 2924.9 states, in relevant part,

(a) Unless a borrower has previously exhausted the first lien loan modification process offered by, or through, his or her mortgage servicer described in Section 2923.6, within five business days after recording a notice of default pursuant to Section 2924, a mortgage servicer that offers one or more foreclosure prevention alternatives shall send a written communication to the borrower that includes all of the following information:
(1) That the borrower may be evaluated for a foreclosure prevention alternative or, if applicable, foreclosure prevention alternatives.
(2) Whether an application is required to be submitted by the borrower in order to be considered for a foreclosure prevention alternative.
(3) The means and process by which a borrower may obtain an application for a foreclosure prevention alternative.

Cal. Civ. Code § 2924.9.

Defendants PHH and BNA contend that they were not required to send Plaintiffs a communication regarding available loss mitigation options because Plaintiffs allege in the Complaint that they were reviewed for a first lien loan modification numerous times and received a loan modification agreement in 2011.  Defendants PHH and BNA further assert that Plaintiffs knew that they could be evaluated for foreclosure prevention alternatives because Plaintiffs submitted a loan modification application after the notice of default was recorded.  Plaintiffs contend that California Civil Code § 2924.9 prohibit servicers from recording notices of default until 30 days after contacting the borrower to discuss alternatives to foreclosure.  Plaintiffs assert that they were never contacted by Defendants and failed to receive any written notification before October 25, 2018.  Plaintiffs assert that they were not contacted until five days after the notice of default was recorded.

In this case, the Complaint alleges that Defendants PHH, BNA, and WP "recorded a Notice of Default on the Subject Property" on October 25, 2018.  (ECF No. 1-3 at 10).  In support of this allegation, Plaintiffs cite to Exhibit F of their Complaint.  *See id.*  Exhibit F is a Notice of Default and Election to Sell Under Deed of Trust that was recorded on October

25, 2018.  *See id*. at 73.  The Complaint alleges that Plaintiffs "submitted a complete loan modification application" to Defendant PHH on April 17, 2019.  *Id*. at 10.  In support of this allegation, Plaintiffs cite to Exhibit I of their Complaint.  *See id*.  Exhibit I is a loan modification application to Ocwen Loan Servicing, LLC that was signed and dated by Plaintiffs on August 17, 2019.  *See id*. at 92.  The Complaint alleges that Defendants PHH, BNA, and WP violated California Civil Code § 2924.9 "by fail[ing] to notify PLAINTIFFS of all foreclosure prevention alternatives within 5 business days after Notice of Default was recorded …."  *Id*. at 10 (emphasis in original).  The Complaint further alleges that Plaintiffs entered into a loan modification agreement with J.P. Morgan Chase Bank, N.A. on September 2, 2011.  *See id*. at 4.  In support of this allegation, Plaintiffs cite to Exhibit B of their Complaint.  *See id*.  Exhibit B is a Home Affordable Modification Agreement between Plaintiffs and J.P. Morgan Chase Bank, N.A. that was recorded on September 2, 2011.  *See id*. at 51.

These allegations demonstrate that Plaintiffs had submitted an initial loan modification application in 2011 to a mortgage servicer and that Plaintiffs were aware of available foreclosure prevention alternatives since 2011.  Plaintiffs fail to present facts of a material violation of California Civil Code § 2924.9.  *See e.g., Foote v. Wells Fargo Bank, N.A.*, No. 15-cv-04465-EMC, 2016 WL 2851627, at *6 (N.D. Cal. May 16, 2016) ("As explained above, Plaintiff has already submitted at least two loan modification applications. This shows Plaintiff is well aware that foreclosure prevention alternatives are available and that applications are required.  She is also aware of how to obtain and submit an application. Thus, there is no material violation of Section 2924.9.").  Plaintiffs' third claim is dismissed without prejudice and with leave to amend.  *Jones v. Mortg.*, No. 2:19-cv-0045 JAM DB PS, 2019 WL 2500451, at *6 (E.D. Cal. June 17, 2019) ("Plaintiff's complaint, however, alleges that plaintiff previously completed a loan modification with defendant Nationstar…. In this regard, it appears from the allegations of the complaint that plaintiff exhausted the first lien loan modification process, thereby exempting defendants from complying with § 2924.9(a)….  Accordingly, this claim [pursuant to § 2924.9] must be dismissed.").

### f. Negligence (Claim 6)

Plaintiffs allege that Defendants PHH, BNA, and WP "were negligent in processing the loan modification application." (ECF No. 1-3 at 13). The elements of a general negligence claim are duty, breach of duty, proximate cause, and damages. *See Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009).

Defendants PHH and BNA contend that they did not owe Plaintiffs a duty of care. Defendants PHH and BNA contend that Plaintiffs fail to establish a causal connection between Defendants' alleged negligent actions and Plaintiffs' alleged damages. Defendants PHH and BNA contend that Plaintiffs fail to establish injury as a result of any alleged breach of Defendants' duty of care. Plaintiffs contend that Defendant PHH owed Plaintiffs a duty of reasonable care in reviewing Plaintiffs' loan modification application. Plaintiffs contend that Defendant PHH breached this duty of care by mishandling Plaintiffs' application, failing to review Plaintiffs' application, and prolonging the review process. Plaintiffs contend that Defendant PHH's negligent servicing of Plaintiffs' application resulted in the loss of Plaintiffs' home. Plaintiffs contend that they suffered harm by losing their home and financial resources.

In this case, the Complaint alleges that "[t]ypically, a financial institution owes no duty of care to a borrower." (ECF No. 1-3 at 12). The Complaint alleges that California courts have recently adopted "the position that a bank or lender may owe the borrower a duty [of care] not to act negligently in handling a loan modification application once it has undertaken to review the application." *Id*. The Complaint alleges Defendants PHH, BNA, and WP "accepted to review PLAINTIFFS' loan modification application and nonetheless, continued to record a Notice of Sale." *Id*. at 13 (emphasis in original). The Complaint alleges that Defendants PHH, BNA, and WP "acted beyond a typical lender" and "owed PLAINTIFFS a duty to carefully and timely review of the loan modification application." *Id*. (emphasis in original).

In support of their allegations of negligence, Plaintiffs cite to *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013). *See* ECF No. 1-3 at 12. In *Lueras*, the

3:19-cv-02396-WQH-AHG

court found that "Bank of America and ReconTrust did not have a common law duty of care to offer, consider, or approve a loan modification, or to offer Lueras alternatives to foreclosure." *Lueras*, 221 Cal. App. 4th at 68. The court further found that "Bank of America and ReconTrust did not have a duty of care to handle Lueras's loan 'in such a way to prevent foreclosure and forfeiture of his property.'" *Id*. The court concluded that "the First Amended Complaint did not, and cannot as a matter of law, state a claim for negligence based on Bank of America's alleged failure to offer Lueras a loan modification." *Id*.

Generally, lenders owe borrowers no duty of care when considering a loan modification application. *See e.g.*, *Darsow*, 2019 WL 6391520, at \*4 ("[T]his Court has previously held that 'lenders owe borrowers no duty of care when considering a loan modification application.' … More recent California case law merely confirms this Court's prior conclusion."); *Ramirez v. Wells Fargo Bank NA*, No. SACV 15-1018-JLS (JEMx), 2015 WL 12659894, at \*3 (C.D. Cal. July 9, 2015) ("Thus, the Court finds no reason to depart from the majority rule that lenders owe borrowers no duty of care when considering a loan modification application."). In similar cases, this Court has held that no duty of care is created when lenders agree to consider a loan modification application. *See e.g.*, *Sau King Chan v. J.P. Morgan Chase, N.A.*, No. 16cv2403-WQH-MDD, 2017 WL 1807947, at \*6 (S.D. Cal. May 5, 2017) ("In this case, the Court concludes that Plaintiff's allegations are not sufficient to demonstrate that Defendant owed a duty of care when weighing the Baikanja factors. The facts alleged in the Amended Complaint do not demonstrate that Defendant's involvement in Plaintiff's applications for a loan modification exceeded the scope of Defendant's conventional role of a lender of money."); *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12cv2106-WQH-KSC, 2016 WL 1170821, at \*6-7 (S.D. Cal. Mar. 24, 2016) ("The Court finds that Plaintiff's factual allegations are not sufficient to conclude that Defendants agreed to consider Plaintiff's loan modification, thereby creating a duty of care."); *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, at \*22 (C.D. Cal. June 25, 2015) (reviewing conflicting case precedent to conclude "that a lender that agrees to consider a borrower's loan modification application

does not act outside its conventional role as a money lender and does not owe a duty of care."). The Court concludes that Plaintiffs fail to state a negligence claim because Defendants PHH, BNA, and WP did not owe Plaintiffs a duty of care. Plaintiffs' sixth claim is dismissed without prejudice and with leave to amend.

### g. Wrongful foreclosure (claim 7)

Plaintiffs allege that Defendants PHH, BNA, and WP "caused an illegal, fraudulent, or willfully oppressive sale of [Plaintiffs' personal residence] pursuant to a power of sale in a mortgage or deed of trust …." (ECF No. 1-3 at 17).

Wrongful foreclosure is an equitable claim "to have the sale set aside and to have the title restored." *Ram v. OneWest Bank, FSB*, 234 Cal. App. 4th 1, 10-11 (2015) (citation omitted). Three elements must be proven: "(1) the trustee ... caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a ... deed of trust; (2) the party attacking the sale suffered prejudice or harm; and (3) the trustor ... tenders the amount of the secured indebtedness or was excused from tendering." *Id*. at 11 (alterations in original) (citation omitted). The prejudice or harm element is met only if the plaintiffs demonstrate "that, but for a statutory violation, the sale would not have happened and they would still possess the property." *Id*. at 23.

Defendants PHH and BNA assert that Plaintiffs fail to allege any facts to support an illegal, fraudulent, or willfully oppressive sale of real property. Defendants PHH and BNA assert that Plaintiffs fail to allege any facts to show that they were prejudiced or harmed. Defendants PHH and BNA contend that Plaintiffs are not excused from the tender requirement. Plaintiffs contend that Defendants willingly and maliciously recorded the notice of default so Defendants could file a fraudulent notice of sale. Plaintiffs assert that Defendants knew that Plaintiffs' house had equity and that foreclosing on the property would pay off the entire loan. Plaintiffs assert they are excused from the tender requirement.

In this case, the Complaint alleges that Defendants PHH, BNA, and WP "wrongfully foreclosed on the Subject Property based upon their violations of Civ. Code §§ 2923.6, 2923.7, 2924.9, 2924.10, 2924.11." (ECF No. 1-3 at 17). The Complaint alleges that

Defendants PHH, BNA, and WP "caused an illegal, fraudulent, or willfully oppressive sale of the Subject Property pursuant to a power of sale in a mortgage or deed of trust[.]" *Id*. The Complaint alleges that Plaintiffs "suffered prejudice or harm as a result of the wrongful foreclosure trustee sale." *Id*.

The Court has dismissed Plaintiffs' causes of action pursuant to California Civil Code §§ 2923.6, 2923.7, 2924.9, 2924.10, 2924.11.  Plaintiffs have failed to allege facts to show "that, but for a statutory violation, the sale would not have happened and they would still possess the property." *Ram*, 234 Cal. App. 4th at 23; *see e.g.*, *Flynn v. Wells Fargo Bank, N.A.*, No. 2:19-cv-00116-WBS-KJN, 2019 WL 4077614, at *6 (E.D. Cal. Aug. 29, 2019) ("plaintiff has sufficiently alleged that she would have been able to pursue private loans to prevent the foreclosure of her home, if these various acts by defendant had not kept her 'tangled up in the modification process,' ….  Accordingly, the court will deny the Motion to Dismiss the wrongful foreclosure claim.").  The Court concludes that Plaintiffs fail to state a wrongful foreclosure claim because the Complaint fails to allege sufficient facts to infer that Defendants PHH, BNA, and WP engaged in misconduct.  Plaintiffs' seventh claim is dismissed without prejudice and with leave to amend.

### h.  Violation of Business & Professional Code § 17200 (claim 8)

Plaintiffs allege that Defendants PHH, BNA, and WP violated Business & Professional Code § 17200 "by engaging in unlawful, unfair, and fraudulent business practices …." (ECF No. 1-3 at 18).

California law "prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1129-30 (9th Cir. 2014) (quoting Cal. Bus. & Prof. Code § 17200).  "In prohibiting 'any unlawful' business practice, the [Unfair Competition Law] 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'"  *Id*. (citation omitted).  "To state a claim under either [the fraudulent or unfair] prong, a plaintiff's 'burden of proof is modest: the representative plaintiff must show that members of the public are likely to be deceived by the practice.'"

*Friedman v. AARP, Inc.*, 855 F.3d 1047, 1055 (9th Cir. 2017) (citation omitted).  "Actions for relief pursuant to [the Unfair Competition Law may] be prosecuted ... by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

Defendants PHH and BNA assert that Plaintiffs have failed to allege the existence of any unlawful, unfair, or fraudulent business act or practice.  Defendants PHH and BNA assert that Plaintiffs failed to make payments owned under the loan.  Defendants PHH and BNA assert that any resulting foreclosure proceedings were due to Plaintiffs' admitted default.  Plaintiffs contend that they have plead their claims with reasonable particularity by identifying the specific provisions of the Business & Professional Code that were violated and by providing factual allegations.  Plaintiffs contend that they have adequately plead unfair and fraudulent conduct.  Plaintiffs contend that they have adequately plead standing because they have lost their residence and incurred expenses from litigation.

In this case, the Complaint alleges that Defendants PHH, BNA, and WP violated California Business & Professional Code § 17200 "by engaging in unlawful, unfair, and fraudulent business practices ...."  (ECF No. 1-3 at 18).  The Complaint alleges that Defendants PHH, BNA, and WP "violated the Homeowners' Bill of Rights by failing to timely and fairly evaluate Plaintiffs' application for loan modification."  *Id*.  The Complaint alleges that Defendant PHH "negligently made false representations" and that Defendant PHH's "negligent conduct is likely to deceive members of the public generally because they offered modifications, but not actual assistance with such actions ...."  *Id*.

In a similar case, this Court stated, in relevant part,

The Court finds that Plaintiffs' Section 17200 claim is derivative of the previous claims which the Court has determined do not state a claim upon which relief can be granted. Accordingly, the Section 17200 claim fails to state a claim upon which relief can be granted. In addition, in the Second Amended Complaint, "Plaintiffs do not dispute that they owed money on their mortgage obligations." ... Accordingly, the Second Amended Complaint fails to adequately allege that Plaintiffs have standing to assert a claim pursuant to Section 17200. *See, e.g., Bernardi*, 2012 WL 2343679, at *5. The Motions to

Dismiss the sixth cause of action for violation of California Business and Professions Code § 17200 are granted.

*Sabherwal v. Bank of New York Mellon*, No. 11cv2874 WQH-BGS, 2013 WL 4833940, at *9 (S.D. Cal. Sept. 10, 2013) (citation omitted).

In this case, the Court concludes that "Plaintiffs' Section 17200 claim is derivative of the previous claims which the Court has determined do not state a claim upon which relief can be granted." *Id*. Thus, Plaintiffs' "Section 17200 claim fails to state a claim upon which relief can be granted." *Id*. In addition, the Complaint alleges that Plaintiffs owed money on their mortgage obligations because they were told they were "99 payments behind" as of October 24, 2019. (ECF No. 1-3 at 7). "Accordingly, the … Complaint fails to adequately allege that Plaintiffs have standing to assert a claim pursuant to Section 17200." *Sabherwal*, 2013 WL 4833940, at *9. The Court concludes that Plaintiffs fail to state a claim pursuant to California Business & Professional Code § 17200. Plaintiffs' eighth claim is dismissed without prejudice and with leave to amend.

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants PHH Mortgage Corporation and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1 is GRANTED. (ECF No. 8). Plaintiffs' Complaint is DISMISSED without prejudice and with leave to amend. Any motion for leave to file an amended pleading must be filed within 30 days of this Order.

Dated:  April 27, 2020

Hon. William Q. Hayes
United States District Court